1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  ALEX TSE (CSBN 152348)
   Chief, Civil Division
3  JAMES A. SCHARF (CSBN 152171)
   Assistant United States Attorney
4
       150 Almaden Blvd., Suite 900
5      San Jose, California 95113
       Telephone:  (408) 535-5044
6      Facsimile:    (408) 535-5081
       Email: james.scharf@usdoj.gov
7
   Attorneys for Senator and Executive Defendants
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13  ADAM JIBREEL,                        Case No. C 13-3470 LB

14         Plaintiff,                     SENATOR AND EXECUTIVE
                                          DEFENDANTS' MOTION TO
15      v.                                DISMISS

16  HOCK SENG CHIN, et al.,               Date:  April 17, 2014
                                          Time:  9:30 a.m.
17         Defendants.                    Courtroom:  C, 15th Floor, SF
                                          Judge:  Hon. Laurel Beeler
18

19

20

21

22

23

24

25

26

27

28  Case No. C 13-3470 LB
    SENATOR AND EXECUTIVE DEFENDANTS' MOTION TO DISMISS                    1

# TABLE OF CONTENTS

NOTICE OF MOTION .................................................................................................6

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................6

INTRODUCTION ......................................................................................................6

SUMMARY OF THE ARGUMENT ........................................................................7

PLAINTIFF'S FACTUAL ALLEGATIONS ..........................................................9

LEGAL STANDARDS ............................................................................................10

     I.      28 U.S.C. § 1915(e)(2)(B)(i)...................................................10

     II.     Rule 12(b)(1)................................................................................10

     III.    Rule 12(b)(2)................................................................................11

     IV.    Rule 12(b)(6)................................................................................11

ARGUMENT .............................................................................................................12

     I.      Plaintiff's Claims Should Be Dismissed Pursuant to 28 U.S.C. § 1915..........12

     II.     The Complaint is Barred for Jurisdictional and Other Reasons ....................13

          A.  Plaintiff Lacks Article III Standing...................................13

          B.  Plaintiff's Claims Against Senator and Excutive Defendants Are Barred By Both the Doctrine of Qualified Immunity and Sovereign Immunity.................................................15

          C.  Plaintiff's Claims Against Senator Defendants Are Barred By the Speech or Debate Clause .............................16

          D.  Plaintiff's Claims Regarding His Ability to Fly Are Not Ripe.................17

     III.    Plaintiff's Complaint Is Factually Deficient and Fails to State a Claim..........19

          A.  Plaintiff Fails to Allege Facts Sufficient To State Conspiracy Claims......19

          B.  Plaintiff Fails to State a Constitutional Claim ..........................20

             (1) First Amendent.............................................................20

             (2) Fourth Amendent .........................................................20

             (3) Fifth Amendent ............................................................20

CONCLUSION..........................................................................................................21

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abbott Labs. v. Gardner*, 387 U.S. 136 (1967) ................................................................ 17, 18

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 7

*Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770 (9th Cir. 2000) .......................... 10

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082 (9th Cir. 2000) ................................................................................................................................ 11

*Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) ........................................................ 10

*Beck v. Prupis*, 529 U.S. 494 (2000) .................................................................................. 19

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................ 7

*Bennett v. Spear*, 520 U.S. 154 (1997) .............................................................................. 13

*Burger King Corp. v. Rudzhewicz*, 471 U.S. 462 (1985) .................................................... 17

*California ex rel. Younger v. Andrus*, 608 F.2d 1247 (9th Cir. 1979) ................................ 11

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) .............................................................. 13

*Columbia, S. A. v. Hall*, 466 U.S. 408 (1984) .............................................................. 11, 17

*Craft v. McNulty*, 875 F. Supp. 121 (N.D.N.Y. 1995) ........................................................ 17

*Cubbage v. Merchant*, 744 F.2d 665 (9th Cir. 1984) .......................................................... 11

*Denton v. Hernandez*, 504 U.S. 25 (1992) ................................................................... 10, 12

*Eastland v. United States Servicemen's Fund*, 421 U.S. 491 (1975) ................................... 16

*Epstein v. Wash. Energy Co.*, 83 F.3d 1136 (9th Cir. 1996) ............................................... 12

*Gilbert v. DaGrossa*, 756 F.2d 1455 (9th Cir. 1985) .......................................................... 15

*Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997) ............................................................ 19

*Hoffman v. Jeffords*, 2002 WL 1364311 (D.C. Cir. May 6, 2002) ...................................... 14

*Int'l Shoe v. Washington*, 326 U.S. 310 (1945) .................................................................. 11

*Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975) ............................................................ 17

*Jones v. Salt River Pima-Maricopa Indian Community*, 211 Fed. App'x 646 (9th Cir. 2006) ...................................................................................................... 14

*Lehman v. Nakshian*, 453 U.S. 156 (1981) ........................................................................ 15

1    *Liberation News Service v. Eastland*, 426 F.2d 1379 (2d Cir. 1970) ....................................... 17

2    *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) ........................................................................... 10

3    *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................................................. 13

4    *Mitchell v. Forsyth*, 472 U.S. 511 (1985) ................................................................................... 15

5    *Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ........................................................................ 11

6    *Neitzke v. Williams*, 490 U.S. 319 (1989) ............................................................................ 10, 12

7    *Newdow v. Congress*, 328 F.3d 466 (9th Cir. 2003) .................................................................. 17

8    *Newell v. Brown*, 981 F.2d 880 (6th Cir. 1992) ......................................................................... 17

9    *Nurse v. United States*, 226 F.3d 996 (9th Cir. 2000) ................................................................ 16

10   *Ray v. U.S. Senate*, 1989 WL 156929 (4th Cir. 1989) ............................................................... 15

11   *Richards v. Harper*, 864 F.2d 85 (9th Cir. 1988) ...................................................................... 17

12   *Rockefeller v. Bingaman*, 234 Fed. App'x 852 (10th Cir. 2007) ................................................ 15

13   *Saucier v. Katz*, 533 U.S. 194 (2001) ........................................................................................ 15

14   *Schultz v. Sundberg*, 759 F.2d 714 (9th Cir. 1985) ................................................................... 16

15   *Scott v. Pasadena Unified School Dist.*, 306 F. 3d 646 (9th Cir. 2002) .................................... 14

16   *St. Clair v. City of Chico*, 880 F.2d 199 (9th Cir. 1989), ........................................................... 10

17   *Standard Alaska Prod. Co. v. Schaible*, 874 F.2d 624 (9th Cir. 1989) ...................................... 18

18   *Stewardship Council-U.S. v. Office of U.S. Trade Representative*, 405 Fed.
19      App'x 144 (9th Cir. 2010) ...................................................................................................... 14

20   *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d
      1221 (9th Cir. 1989) ................................................................................................................. 10

21   *Stop The Casino 101 Coalition v. Salazar*, 384 Fed. App'x 546 (9th Cir.
22      2010) ........................................................................................................................................ 14

23   *Subramaniam v. Beal*, 2013 WL 5462339 (D. Or. Sept. 27, 2013) ........................................... 17

24   *Tauzon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163 (9th Cir. 2006) ...................................... 11

25   *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134 (9th Cir.
      2000) ( ...................................................................................................................................... 18

26   *Thornhill Publ. Co. v. Gen'l Tel. & Elecs. Corp.*, 594 F.2d 730 (9th Cir.
27      1979) ........................................................................................................................................ 10

28   Case No. C 13-3470 LB
      SENATOR AND EXECUTIVE DEFENDANTS' MOTION TO DISMISS        4

1   *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495 (9th Cir. 2001) ................................... 10

2   *United States v. Mitchell*, 445 U.S. 535 (1980) ........................................................... 15

3   *United States v. Sherwood*, 312 U.S. 584 (1941) ........................................................ 15

4   *US W. Commc'ns v. MFS Intelenet, Inc.*, 193 F.3d 1112 (9th Cir. 1999) ................................. 18

5   *Voinche v. Fine*, 278 Fed. App'x 373 (5th Cir. 2008) ...................................................... 16

6   *Wade v. Akaka*, 2012 WL 6115656 (S.D. Tex. Nov. 2, 2012)............................................ 17

7   *Walker v. Jones*, 733 F.2d 923 (D.C. Cir. 1984)............................................................. 16

8   *Whitmore v. Arkansas*, 495 U.S. 149 (1990) ................................................................ 13

9   *Yowell v. Abbey*, 532 Fed. App'x 708 (9th Cir. 2013) ..................................................... 15

10                           **FEDERAL STATUTES**

11   28 U.S.C. § 1915 .......................................................................................... 6, 8, 10, 12

12   28 U.S.C. § 2675 .............................................................................................. 17

13   28 U.S.C. § 2680(h) ........................................................................................... 16

14   28 U.S.C. §§ 2671 ............................................................................................. 16

15   49 U.S.C. § 44926 ............................................................................................. 18

16                            **FEDERAL RULES**

17   Fed. R. Civ. P. 8 ........................................................................................ 7, 11, 13, 19

18   Fed. R. Civ. P. 12(b)(1).......................................................................................... 10

19   Fed. R. Civ. P. 12(b)(2).......................................................................................... 11

20   Fed. R. Civ. P. 12(b)(6)..................................................................................... 11, 12

21   Fed. R. Civ. P. 25(d) ............................................................................................. 6

22

23

24

25

26

27

28   Case No. C 13-3470 LB
     SENATOR AND EXECUTIVE DEFENDANTS' MOTION TO DISMISS        5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

TO PLAINTIFF ADAM JIBREEL:

PLEASE TAKE NOTICE that on Thursday, April 17, 2014, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom C, 15th Floor, San Francisco Federal Courthouse, the Honorable Laurel Beeler presiding, the United States Executive Branch Defendants[1] and Senator Defendants[2], by and through their attorney, James A. Scharf, Assistant United States Attorney, will appear and move the Court for an order dismissing the Complaint without leave to amend pursuant to 28 U.S.C. § 1915, Rules 12(b)(1), 12(b)(2), and 12(b)(6).[3] This motion will be based upon said Rules, this Notice of Motion, the Memorandum of Points and Authorities set forth below, the pleadings and records on file in this matter, and upon such further evidence and argument as the Court may consider at the time of the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### <u>INTRODUCTION</u>

As best as the Senator and Executive Defendants can ascertain, Plaintiff alleges that ethnic and religious bias motivated various government agencies and officials to commit allegedly unlawful actions against him. Without specifying wrongdoing by any Defendant, Plaintiff alleges a series of fanciful claims, including that: (1) unspecified "authorities" stole his personal property held on his behalf by the CEO of Extra Space Storage, Compl. at 12; (2) he was "yelled at . . . by the Singapore I.S.D. Secret Police," "at the request of certain . . . U.S. ethnically biased officials," *Id*. at 13; (3) Plaintiff was deemed

---

[1] The Executive Branch Defendants are: President Barack Obama, Secretary of the Department of Homeland Security Jeh Charles Johnson, FBI Director James Comey, FAA Administrator Michael P. Huerta, and TSA Administrator John S. Pistole. Pursuant to Federal Rule of Civil Procedure 25(d), the current agency heads (i.e., Johnson and Comey) are automatically substituted in for their predecessors for any official capacity claims.

[2] The Senator Defendants are U.S. Senators Lindsay Graham (South Carolina) and Patty Murray (Washington).

[3] Plaintiff also seeks relief against Congressman Peter King, who is represented by the Office of General Counsel, U.S. House of Representatives, and against two foreign Defendants, Lee Hsien Loong, the Prime Minister of the Republic of Singapore; and Hock Seng Chin, who was formerly Singapore's Consul General in San Francisco. Pursuant to 28 U.S.C. § 517, the United States will file a suggestion of immunity on behalf of Prime Minister Lee.

1    "scary looking" by a San Francisco airport official and told to leave the terminal, *Id*.; (4) Plaintiff was

2    "severely ethnically- profil[ed]" by "officials and/or hired 'contractors'" of the "current administration,"

3    *Id*. at 15; (5) the "U.S. Government . . . encouraged foreign partners to surveil [Plaintiff], to prepare to

4    and then rapidly detain [him]" before ejecting him from the country, *Id*.; (6) Plaintiff was "afraid of

5    being on a 'No Fly' list," *Id*. at 19; and Plaintiff was possibly designated a "<u>Suspected</u> Terrorist" by

6    unspecified persons.  *Id*. at 13 (emphasis added).  Offering nothing more than conclusions, he alleges

7    that all of this was at the orders of U.S. government officials.

8           Plaintiff's Complaint fails to offer any well-pleaded allegations showing that any federal official

9    acted for the purpose of harming him or infringing his constitutional rights.  Under Rule 8, "[t]hreadbare

10   recitals of a cause of action's elements, supported by mere conclusory statements," do not suffice;

11   Plaintiff's vague allegations are thus plainly insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)

12   (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Even had he established that U.S.

13   government officials had contacted members of Singapore's government regarding him – which he has

14   not – he has not begun to demonstrate that this claimed contact was for any improper purpose.  The

15   Plaintiff has not "plausibly establish[ed]" that "any alleged acts he suffered were due to unlawful acts by

16   any Defendant.  *Iqbal*, 556 U.S. at 681.

17                          **<u>SUMMARY OF THE ARGUMENT</u>**

18          Plaintiff attempts to allege three constitutional claims: (1) violation of the First Amendment on

19   the basis that the "ethnically jittery Singapore government" designated Plaintiff an "Islamic 'extremist'

20   threat" and also "detained" him, "beat [him] slightly," and "forcibly expulsed" him from Singapore, all

21   allegedly in retaliation for the "legal motions [he] tried to submit while homeless" in San Francisco,

22   Compl. at 18; (2) violation of the Fourth Amendment on the basis of his alleged "sudden seizure, arrest

23   and detention" by Singapore officials, followed by his alleged expulsion from that country, *Id*. at 19; and

24   (3) violation of the Fifth Amendment on the basis of "vindictive U.S. law enforcement officials and their

25   officers" allegedly colluding with foreign powers against him.[4]  *Id*. at 19-20.

26   _____

27          [4] Plaintiff does discuss the Second Amendment, but in so far as he references any violation, he

28   Case No. C 13-3470 LB

1    Based on these allegations, Plaintiff seeks wide-ranging financial and declaratory relief against

2    eight federal defendants and two foreign defendants, including (1) "long due relief and damages," in the

3    form of financial and documental redress, *Id*. at 11, 13, 20; (2) "redress and relief from further

4    persecution and libel," for being "smear[ed] with treason and extreme racial, ethnic, [and] religious

5    profiling," *Id*. at 20-22; and (3) answers from President Obama personally and Obama's "security and

6    intelligence officials," for "why [Plaintiff has] been designated a perpetual threat to [the United States],

7    and a "Transnational Threat' as well as. . . a 'suspected' traitor." *Id*. at 13, 20.

8    Plaintiff's claims are without merit and should be dismissed. As an initial matter, Plaintiff's

9    Complaint is facially frivolous and therefore should be dismissed pursuant to 28 U.S.C. § 1915. Even if

10   the Court excuses the obvious frivolity and allows the case to proceed without re-pleading, the Court

11   lacks subject matter jurisdiction over the Senator and Executive Defendants for four independent

12   reasons: (1) Plaintiff lacks Article III standing; (2) Plaintiff's claims against the Senator and Executive

13   Defendants are barred by both the doctrines of qualified immunity and sovereign immunity; (3)

14   Plaintiff's claims against the Senator Defendants are barred by the Speech or Debate Clause and for lack

15   of personal jurisdiction; and (4) Plaintiff's claims are not ripe.[5] Finally, even if the Court properly had

16   subject matter and personal jurisdiction, Plaintiff's allegations lack the required factual detail and thus

17   fail to state any claims upon which relief can be granted. For these reasons, the Complaint should be

18   dismissed without leave to amend.

19

20

states that there has been "NONE" since he is "clearly" able to bear arms. Because Plaintiff alleges that
21   his right to keep and bear arms has not been infringed, he has not stated a *prima facie* claim under the
Second Amendment. Compl. at 18.

22   [5] This is not Plaintiff's first defective complaint against federal officials in this Court. PACER
shows a series of 2007 complaints filed by Plaintiff (then known as Adam Blake) against the State
23   Department, Federal Bureau of Investigation, and Department of Homeland Security (07-cv-0543, 0546,
and 0547). All of these complaints were dismissed. In its dismissal order, the Court noted that Plaintiff
24   had failed to allege which of the defendants were responsible for the purported wrongdoings, had failed
to specify a particular cause of action, and had failed to file an administrative claim under the
25   FTCA. *See* Order dated August 6, 2007, Document 34, 07-cv-00543. The cases were dismissed with
prejudice when Plaintiff failed to file an amended complaint within 30 days, and his appeal to the Ninth
26   Circuit was dismissed after he failed to file an opening brief. *See* Order dated December 10, 2008,
Document 45, 07-cv-00543.

27

28   Case No. C 13-3470 LB
SENATOR AND EXECUTIVE DEFENDANTS' MOTION TO DISMISS                    8

### **PLAINTIFF'S FACTUAL ALLEGATIONS**

1       Reading Plaintiff's difficult Complaint in the light most favorable to him, we provide this

2 synopsis of the facts.  According to the Complaint, Docket No. 1, sometime around October 2009,

3 Plaintiff was detained by "elite Anti-Terror officials of the Singaporean 'I.S.D.' divisions based on

4 'Suspicion' ONLY," which resulted in his alleged "forced expulsion from Singapore."  Compl. at 19.

5 Plaintiff alleges that this occurred prior to President Obama's visit to Singapore in November 2009, and

6 as a result of the advice of "undetermined and yet-to-be known officials and authorities" within the U.S.

7 government.  *Id*. at 13.  Subsequently, "[f]orces around President Obama," have engaged in "threatening

8 a number of [Plaintiff's] close friends and associates here and abroad."  *Id*. at 12.  This occurred when

9 authorities went "so far as to 'steal' and pilfer [the] personal property kept in the personal care of a good

10 confidant of [Plaintiff], Mr. Mike Hagbeck, C.E.O. of Extra Space storage in Singapore."  *Id*.  After this

11 occurrence in Singapore in 2009, Plaintiff alleges that "local law-enforcement [continued to] designate

12 [him] an extreme threat and carry out other dilatory tactics against [him], as well as bring in the

13 involvement of the Israeli authorities combined with the resources of their expertise . . . to ensure

14 [Plaintiff's] transience and impoverishment during the periods of October 2009 till present." *Id*. at 15.

15       More recently, Plaintiff alleges an incident in which a San Francisco airport official "made a

16 verbal complaint [to a San Francisco Police Officer] about [Plaintiff's] appearance, [saying] that [he]

17 was 'scary-looking' and needed to leave a terminal."  *Id*. at 13.  Plaintiff also appears to complain of

18 third party-nongovernmental actors in his complaint when he points to an incident in which he was

19 "mocked by some Indonesian students, who didn't go through any rigorous vetting to be granted their

20 student pilot status before they came here to the U.S., as they chided [Plaintiff] with, 'Oh, you have

21 T.S.A. problems eh?'" *Id*. at 13.

22       Finally, Plaintiff alleges that in May 2013 he was "afraid of being on a 'No-Fly' list," and

23 therefore did not travel to his father's funeral.  *Id*. at 19.  Plaintiff does not allege that he attempted to fly

24 and was denied boarding.  *Id*.  Plaintiff claims that his absence from his father's funeral resulted in

25 alienation "permanently from [his] two sisters who were not involved in the Anti-Muslim prejudices"

26 and from his cousin and brother, but he also indicates that these family strains were the result of his

1    conversion to Islam.  *Id.* at 19 (alleging that Plaintiff "had no idea that there was so much angst against

2    [him] for converting to take an Islamic way of life").  Plaintiff claims that these events in sum have

3    forced him "to live on the streets [and] remain financially, and economically insolvent."  *Id.*

4                                    **LEGAL STANDARDS**

5    **I.    28 U.S.C. § 1915(e)(2)(B)(i)**

6              Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), this Court "shall dismiss the case at any time if the

7    [C]ourt determines that . . . the action or appeal . . . is frivolous or malicious."  This Court has the

8    authority to dismiss a claim "if the facts alleged are 'clearly baseless,' . . . encompassing allegations that

9    are 'fanciful,' 'fantastic,' and 'delusional.'"  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting

10   *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989)); *see also Lopez v. Smith*, 203 F.3d 1122, 1127

11   (9th Cir. 2000) ("The language of section 1915(e)(2), as it applies to dismissals for failure to state a

12   claim, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" (quoting *Barren v.*

13   *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998))).

14   **II.    Rule 12(b)(1)**

15             A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction can either challenge the

16   sufficiency of the pleadings to establish federal jurisdiction or the substance of the jurisdictional

17   allegations despite the formal sufficiency of the complaint.  *Thornhill Publ. Co. v. Gen'l Tel. & Elecs.*

18   *Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  Where a defendant challenges the substance of the

19   jurisdictional allegations and whether jurisdiction actually exists, as in this case, the plaintiff's

20   allegations are not presumed to be truthful, and the plaintiff has the burden of proving that jurisdiction

21   actually exists.  *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated*

22   *on other grounds by*, *Thornhill Publ. Co.*, 594 F.2d at 733.  The plaintiff must present admissible

23   evidence to satisfy this burden.  *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir.

24   2000); *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989), *cert. denied*, 493 U.S. 993 (1989).

25   The Court is presumed to lack subject matter jurisdiction until the plaintiff proves otherwise.  *Stock*

26   *West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989);

27

28   Case No. C 13-3470 LB
     SENATOR AND EXECUTIVE DEFENDANTS' MOTION TO DISMISS            10

1    *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).  Thus, the plaintiff must

2    prove jurisdiction in order to survive a motion to dismiss.  *Id*.

**III.**    <u>**Rule 12(b)(2)**</u>

4         When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff carries the

5    burden of demonstrating that personal jurisdiction exists.  *Cubbage v. Merchant*, 744 F.2d 665, 667 (9th

6    Cir. 1984).  In order for a court to exercise general jurisdiction over a non-resident defendant, the

7    plaintiff must demonstrate that the defendant's contacts with the forum state are "substantial" or

8    "continuous and systematic."  *Helicopteros Nacionales de Columbia, S. A. v. Hall*, 466 U.S. 408, 416

9    (1984).  "[I]n a controversy unrelated to a defendant's contacts with the forum, a court may exercise

10    general jurisdiction only where 'continuous corporate operations within a state are thought so substantial

11    and of such a nature as to justify suit against the defendant on causes of action arising from dealings

12    entirely distinct from those activities.'"  *Tauzon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th

13    Cir. 2006) (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 318 (1945)).  "The standard for establishing

14    general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that

15    approximate physical presence."  *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086

16    (9th Cir. 2000).

**IV.**    <u>**Rule 12(b)(6)**</u>

18         A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)

19    tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Federal

20    Rule of Civil Procedure 8 further provides that to state a claim, a pleading must contain "a short and

21    plain statement of the claim showing that the pleader is entitled to relief."  The first part of this

22    requirement —"a short and plain statement of the claim"— cannot be read without reference to the

23    second part —"*showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).

24    The Supreme Court has made clear that although "showing" an entitlement to relief does not require

25    "detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-

26    harmed-me accusation."  *Iqbal*, 556 U.S at 678 (citing *Twombly*, 550 U.S. at 555).  Thus, "[a] pleading

27    that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

28    Case No. C 13-3470 LB

1  do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

2  enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).  Therefore, "conclusory allegations of law

3  and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."

4  *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

5  **ARGUMENT**

6       Plaintiff's Complaint seeking wide-ranging injunctive relief relating to his unsubstantiated belief

7  that he has been identified as a security threat, along with his efforts to seek relief relating to his alleged

8  expulsion from Singapore, should be dismissed.  The Complaint should be dismissed because the

9  obvious frivolity of the Complaint, the Court lacks subject matter jurisdiction, lacks personal

10  jurisdiction, and fails to state a claim for which relief can be granted.

11  **I.  Plaintiff's Claims Should Be Dismissed Pursuant to 28 U.S.C. § 1915**

12       Section 1915(e)(2)(B) of Title 28 requires the Court to dismiss a case "at any time" if the Court

13  "determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief

14  may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28

15  U.S.C. § 1915(e)(2)(B).

16       Plaintiff's case is frivolous within the meaning of Section 1915 because the Complaint does not

17  allege that the Senator or Executive Defendants caused him any harm.  The Complaint includes no facts

18  that could conceivably support any claim that the Senator or Executive Defendants violated his rights.

19  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a complaint is frivolous within the

20  meaning of Section 1915 where it "lacks an arguable basis either in law or in fact").  Plaintiff's action is

21  thus "clearly baseless," *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), and, accordingly, should be

22  dismissed pursuant to Section 1915(e)(2)(B).  *Washington v. Harrington*, 2013 WL 6492448, *1 (9th

23  Cir. Dec. 11, 2013) (affirming Section 1915 dismissal, stating that even "though *pro se* pleadings are to

24  be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim

25  for relief").

26

27

28  Case No. C 13-3470 LB

1   **II.     The Complaint is Barred for Jurisdictional and Other Reasons**

2          **A.  Plaintiff Lacks Article III Standing**

3          Article III of the Constitution limits the jurisdiction of the federal courts to the resolution of

4   "Cases" and "Controversies."  U.S. Const. art. III, § 2.  This limitation on judicial power requires at a

5   minimum that a party must demonstrate that he has suffered an actual or threatened injury to establish

6   standing. *See, e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983); *see also Lujan v.*

7   *Defenders of Wildlife*, 504 U.S. 555 (1992).  To obtain prospective injunctive relief, Plaintiff must point

8   to "an invasion of a legally protected interest which is . . . 'actual or imminent,' not 'conjectural' or

9   'hypothetical.'"  *Lujan*, 504 U.S. at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

10  Moreover, as an "irreducible constitutional minimum of standing," *Lujan*, 504 U.S. at 560, a plaintiff is

11  required to establish "that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the

12  actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v.*

13  *Spear,* 520 U.S. 154, 162 (1997) (citation omitted).

14          In this case, Plaintiff has plainly failed to demonstrate that he has suffered an actual injury, or

15  that he will suffer an imminent injury, that would entitle him to relief from either the Senator or

16  Executive Defendants.  Plaintiff appears to complain that: (1) he has been labeled as a threat, Compl. at

17  22; (2) that he was subjected to harmful acts by Singaporean officials, *Id*. at 15; and (3) that local police

18  officers asked him to leave an airport. *Id*. at 14.  Plaintiff fails to plausibly allege that Defendants were

19  the cause of any of these supposed harms.  Instead, he links Defendants to these purported harms only

20  with vague conspiracy theories.  *See, e.g., Id*. at 19 (alleging without explanation that Plaintiff's troubles

21  were "due to the actions of unwary, erroneous, or vindictive U.S. law enforcement officials and their

22  officers, in co-ordination with officers of foreign powers").  Plaintiff claims he was allegedly detained in

23  October 2009 in Singapore "at U.S. advice," and that his "name and character has been demolished

24  covertly," but he proffers no facts to demonstrate a causal link between the Senator or Executive

25  Defendants and these alleged injuries.  *Id*. at 11, 13. Plaintiff also seems to claim that he is so afraid of

26  being on the No Fly List, however, he has not claimed that he has attempted to fly.  *Id*. at 19.  Plaintiff

27  also lacks standing to seek injunctive relief related to this claimed harm because he has failed to

28  Case No. C 13-3470 LB

1  establish that he is "immediately in danger of sustaining some direct injury as a result of the challenged .

2  . . conduct." *Scott v. Pasadena Unified School Dist.*, 306 F. 3d 646, 656 (9th Cir. 2002); *See Lyons*, 461

3  U.S. at 102 (requiring "real and immediate threat of repeated injury") (citation omitted).

4      The body of the Complaint mentions neither the Senator Defendants nor the Executive

5  Defendants, and is bereft of any allegation that they engaged in any of the allegedly unlawful activities

6  of which Plaintiff complains.  Plaintiff cannot establish that any alleged injuries are "fairly traceable" to

7  the Senator or Executive Defendants.  *See Stop The Casino 101 Coalition v. Salazar,* 384 Fed. App'x

8  546, 547 (9th Cir. 2010) (affirming dismissal of suit against federal officials because allegations of

9  injury were not fairly traceable to them); *Hoffman v. Jeffords*, 2002 WL 1364311, *1 (D.C. Cir. May 6,

10  2002) (summarily affirming judgment that plaintiff's claimed legislative injuries were not "traceable to

11  [Senator's] conduct, or likely to be redressed by a favorable decision").  Therefore, Plaintiff's alleged

12  injuries cannot be redressed by a favorable judicial decision.  The conduct Plaintiff complains of was

13  allegedly caused by unspecified third parties, identifying "<u>INDEPENDENT CONTRACTORS,</u>" and

14  "undetermined and yet-to-be-known officials and authorities," as the parties responsible for his alleged

15  injuries.  Compl. at 11, 12.

16      Furthermore, to the extent Plaintiff seeks a judicial investigation, neither the Senator nor

17  Executive Defendants can provide this relief.  *See Forward Stewardship Council-U.S. v. Office of U.S.*

18  *Trade Representative*, 405 Fed. App'x 144, 146 (9th Cir. 2010) (affirming dismissal of complaint

19  because relief against federal agency defendant would not redress alleged injuries).  Therefore, any

20  judicial relief against the named Senator or Executive Defendants would not redress Plaintiff's alleged

21  injuries.  *See Jones v. Salt River Pima-Maricopa Indian Community*, 211 Fed. App'x 646 (9th Cir. 2006)

22  (affirming dismissal for lack of standing of plaintiff's claims that enactment of unspecified laws violated

23  his constitutional rights).  Ultimately, none of Plaintiff's allegations, voluminous as they may be,

24  establish a sufficient basis to invoke this Court's subject-matter jurisdiction.

25

26

27

28  Case No. C 13-3470 LB
SENATOR AND EXECUTIVE DEFENDANTS' MOTION TO DISMISS                    14

**B.  Plaintiff's Claims Against Senator and Executive Defendants Are Barred By Both the Doctrine Of Qualified Immunity and Sovereign Immunity**

While the Complaint does not allege whether the Senator or Executive Defendants are sued in their individual or official capacities, qualified immunity bars any individual capacity claims and sovereign immunity bars any official capacity claims for damages.

When federal officials are sued for an alleged violation of a constitutional right, a decision on the qualified immunity defense "should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive.  Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'"  *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (citations omitted).  Federal officials are immune from suit "[u]nless the plaintiff's allegations state a claim of violation of clearly established law."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Here, Plaintiff fails to allege any facts sufficient to demonstrate that Senator or Executive Defendants actually violated his constitutional rights.  Therefore, any individual capacity claims are precluded by qualified immunity.  *Yowell v. Abbey*, 532 Fed. App'x 708, 710-11 (9th Cir. 2013) (qualified immunity precludes *Bivens* claims because plaintiff "does not tie any allegedly unlawful behavior to the individual Federal Defendants"); *Ray v. U.S. Senate*, 1989 WL 156929 (4th Cir. 1989) (Members of Congress protected by qualified immunity); *Walker v. Jones*, 733 F.2d 923, 932 (D.C. Cir. 1984) (same).

In addition, any official capacity claims for damages against Senator and Executive Defendants are barred by sovereign immunity.  "The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted).  Sovereign immunity is a bar to the exercise of jurisdiction by this Court absent an "unequivocally expressed" waiver of that immunity.  *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981) (waiver of sovereign immunity must be "unequivocally expressed" rather than implied); *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (same).  This immunity extends to Senator and Executive Defendants for any official capacity claims for money damages. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458-59 (9th Cir. 1985) (individual federal defendants immune from suit); *Rockefeller v. Bingaman*, 234 Fed. App'x 852, 855-

1  56 (10th Cir. 2007) (Members of Congress immune from official capacity constitutional claims);

2  *Voinche v. Fine*, 278 Fed. App'x 373, 374-75 (5th Cir. 2008) (same).

3        To the extent that Plaintiff is alleging a cause of action for slander, this claim is defective on

4  sovereign immunity grounds for three reasons.  First, Plaintiff alleges that "undetermined and yet-to-be-

5  known officials" have "slandered and maligned what little personal reputation that I have had and have

6  destroyed any family structure I have tried to build."  Compl. at 12.  However, Plaintiff has not asserted

7  a claim under the Federal Tort Claim Act, 28 U.S.C. §§ 2671-80 ("FTCA"), which provides the

8  exclusive remedy for tort claims against employees of the United States. *Id*. at § 2679.  Second, Plaintiff

9  cannot bring a claim under the FTCA, because he has failed to allege exhaustion of his administrative

10  remedies, and "unless the claimant shall have first presented the claim to the appropriate Federal agency

11  and his claim shall have been finally denied by the agency in writing," he cannot bring this action.  28

12  U.S.C. § 2675.  Finally, although the FTCA waives sovereign immunity for certain torts committed by

13  government officials in their official capacity, *Id*. at §§ 2674, 2680(h); *see, e.g.*, *Nurse v. United States*,

14  226 F.3d 996, 1000 (9th Cir. 2000), that waiver does not apply here.  Congress has legislated that there

15  is no liability to the United States for claims of libel or slander.  28 U.S.C. § 2680(h).  Therefore, even if

16  Plaintiff adequately had pled slander and exhausted his administrative remedies, the claim for slander is

17  incurably defective.

### C.  Plaintiff's Claims Against Senator Defendants Are Barred By the Speech or Debate Clause

18  

19        While Plaintiff does not state the basis for his claims against Senator Defendants, to the extent

20  that any of Plaintiff's claims arise out of Senator Defendants' taking, or failing to take, any legislative

21  action (including whether to investigate any of Plaintiff's claims), Plaintiff's suit is barred by the Speech

22  or Debate Clause, art. I, sec. 6, cl. 1, of the Constitution, which affords Members of Congress an

23  absolute immunity from damages, injunctions, and declaratory judgments for all conduct falling within

24  the "sphere of legitimate legislative activity."  *Eastland v. United States Servicemen's Fund*, 421 U.S.

25  491, 504 (1975) (legislative immunity protects all activities "integral" to the "consideration and passage

26  or rejection of proposed legislation"); *Schultz v. Sundberg*, 759 F.2d 714, 717 (9th Cir. 1985) ("The

27  

28  Case No. C 13-3470 LB

1  business before the Legislature . . . was clearly legislative in nature"); *Newdow v. Congress*, 328 F.3d

2  466, 484 (9th Cir. 2003) (dismissing Congress from challenge to law's constitutionality), *rev'd on other*

3  *grounds*, 542 U.S. 1 (2004); *Johnson v. Reagan*, 524 F.2d 1123, 1124-25 (9th Cir. 1975) (per curiam)

4  (affirming legislative immunity dismissal of action alleging that legislators "permitted" state executive

5  agency to deny plaintiff's parole).  Speech or Debate immunity, therefore, precludes any legislative

6  claims against the Senator Defendants.[6]

7  **D.  Plaintiff's Claims Regarding His Ability to Fly Are Not Ripe**

8  Ripeness is designed to "prevent the courts, through avoidance of premature adjudication, from

9  entangling themselves in abstract disagreements."  *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967).

10  The ripeness inquiry is related to the requirement of an actual controversy, as the court's "role is neither

11  to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or

12  controversies consistent with the powers granted the judiciary in Article III of the Constitution."

13

14  _____
    [6] Furthermore, this Court does not have personal jurisdiction over the Senator Defendants

15  because they were not elected from the State of California, and, therefore, they lack the requisite
    minimum contacts with the forum state sufficient to establish that this Court has personal jurisdiction

16  over them.  *See Liberation News Service v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970) (affirming
    dismissal of suit against United States Senators for lack of personal jurisdiction); *Subramaniam v. Beal*,

17  2013 WL 5462339, *3 (D. Or. Sept. 27, 2013) (dismiss for lack of personal jurisdiction of action
    against former U.S. Senator from Texas for alleged conduct arising out of the performance of official

18  duties); *Wade v. Akaka*, 2012 WL 6115656, *4 (S.D. Tex. Nov. 2, 2012) (recommending dismissal for
    lack of personal jurisdiction of complaint alleging that Senators not elected from forum state failed to

19  take official action in response to plaintiff's request), *adopted by*, 2012 WL 6115056 (S.D. Tex. Dec. 10,
    2012).  The Complaint thus should be dismissed against the Senator Defendants for lack of personal

20  jurisdiction.  Exercising jurisdiction would violate the principles of "fair play and substantial justice."
    *See Burger King Corp. v. Rudzhewicz*, 471 U.S. 462, 476-77 (1985); *see also Helicopteros Nacionales*

21  *de Colombia*, 466 U.S. 408.  Accordingly, the claims against the Senator Defendants should be
    dismissed with prejudice.

22  Furthermore, with respect to the Senator Defendants, even if Plaintiff sought to amend his
    Complaint to assert a claim that Senator Defendants failed to take some type of official action at

23  Plaintiff's request, such a claim would fail on the merits because no court, under any theory of liability,
    has ever recognized such a claim against Members of Congress.  *Richards v. Harper*, 864 F.2d 85, 88

24  (9th Cir. 1988) (affirming dismissal of action against Members of Congress because their failure to
    respond to constituent's request was "neither inappropriate nor actionable"); *Newell v. Brown*, 981 F.2d

25  880, 887 (6th Cir. 1992) (upholding dismissal of claim against Congressman arising out of service to a
    constituent, stating that "[f]or the federal judiciary to subject members of Congress to liability for simply

26  doing their jobs would be unthinkable"); *Craft v. McNulty*, 875 F. Supp. 121, 124 (N.D.N.Y. 1995)
    (dismissing, for lack of a cause of action, complaint against Member of Congress for failing to

27  investigate alleged criminal wrongdoing by Executive Branch personnel).

28  Case No. C 13-3470 LB
    SENATOR AND EXECUTIVE DEFENDANTS' MOTION TO DISMISS                    17

1   *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).  Here,

2   Plaintiff's claims regarding his fear of being on the No Fly List and resulting unwillingness to fly are not

3   ripe and are unfit for judicial decision because Plaintiff has not even attempted to fly.

4          Prudential ripeness focuses on two elements, "the fitness of the issues for judicial decision and

5   the hardship to the parties of withholding court consideration." *Abbott Labs.*, 387 U.S. at 149.  A claim

6   is only fit for decision "if the issues raised are primarily legal, do not require further factual

7   development, and the challenged action is final." *Standard Alaska Prod. Co. v. Schaible*, 874 F.2d 624,

8   627 (9th Cir. 1989).  Furthermore, to satisfy the requirement of hardship, Plaintiff must show "that

9   withholding review would result in direct and immediate hardship." *US W. Commc'ns v. MFS Intelenet,*

10  *Inc.*, 193 F.3d 1112, 1118 (9th Cir. 1999).

11         Plaintiff's claims related to his fear of flying are not ripe for review because he only alleges that

12  he "was afraid of being on the 'No-Fly' list," but fails to allege an actual attempt to, or any resulting

13  difficulty with, flying.[7]  Compl. at 19.  He makes broad claims that this fear is the result of "unwary,

14  erroneous or vindictive U.S. law enforcement officials and their officers, in co-ordination with officers

15  of foreign powers and agencies" in San Francisco and New York City following his "2009 forced

16  expulsion" from Singapore. *Id*.  But since all that Plaintiff alleges is his own fear, not that he attempted

17  to fly or encountered difficulty when doing so, these claims are not ripe.

18         Furthermore, delaying adjudication of Plaintiff's claims until he can allege that he has attempted

19  to fly will not cause "direct and immediate hardship," *US W. Commc'ns*, 193 F.3d at 1118, particularly

20  as it is unclear that any harm ever occurred.  Plaintiff's failure to allege that he has even attempted to

21  travel by air greatly undermines any claim he could make as to the urgency of his present claims.

22

23

24         [7] Even if he had alleged that he attempted to fly and encountered difficulty, he still has not
    alleged that he exhausted his administrative remedies.  The Department of Homeland Security's

25  Traveler Redress Inquiry Program (DHS TRIP) is the Congressionally-mandated administrative redress
    process for individuals who believe they have experienced difficulties during their travel screening at

26  transportation hubs or crossing U.S. borders, such as delayed or prohibited from boarding commercial
    aircraft, because they were wrongly identified as a threat.  49 U.S.C. § 44926; s*ee also* DHS TRIP,

27  available at http://www.dhs.gov/dhs-trip ("DHS TRIP Website").

28  Case No. C 13-3470 LB
    SENATOR AND EXECUTIVE DEFENDANTS' MOTION TO DISMISS                18

III.     **Plaintiff's Complaint Is Factually Deficient and Fails to State a Claim**

Plaintiff's unsupported allegations of misconduct are precisely the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [that] do not suffice" to state a claim for relief.  *Iqbal*, 556 U.S. at 678 (citation omitted) (dismissing, under Rule 8(a), plaintiff's First and Fifth Amendment *Bivens* action against high ranking government officials alleging that plaintiff was unlawfully detained on the basis of his race, religion, and national origin, stating that "a plaintiff must plead that each Government-official defendant, *through the official's own individual actions,* has violated the Constitution") (emphases added).

### A.  Plaintiff Fails to Allege Facts Sufficient To State Conspiracy Claims

Plaintiff's Complaint consists entirely of conspiracy allegations, which must fail because his conclusory statements of unconstitutional conspiracies are inadequate to survive a motion to dismiss. *See, e.*g., *Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997).  When a conspiracy is alleged, a plaintiff must proffer facts showing the existence of an unlawful design or plan and each individual defendant's participation in it.  *Id*.

Plaintiff here provides only conclusory allegations of a conspiracy.  He alleges that it was "coward(s) within our U.S. Government who encourage[d] foreign partners to surveil me, to prepare to, and then rapidly detain me in October 2009," while he was in Singapore. *Id*. at 15.  These U.S. officials allegedly "drafted international 'partners' to bear down upon me." *Id*.  Plaintiff fails to provide any description of how each – or indeed, any – Defendant supposedly participated in the alleged violations of his rights.  This lack of supporting detail is fatal to his conspiracy claims.  Alleging that these acts were done "ever so discreetly," fails to demonstrate each Senator and Executive Defendant's alleged involvement.  *Id*. at 14.

In addition, a civil conspiracy requires the commission of some independently recognized tort. "Conspiracy cannot be made the subject of a civil action unless something is done which without the conspiracy would give a right of action."  *Beck v. Prupis*, 529 U.S. 494, 502 (2000) (citing cases). Because, as described *supra*, Plaintiff has not sufficiently alleged an actionable tort on which to base conspiracy liability, his conspiracy claims should be dismissed.

### B.  Plaintiff Fails to State a Constitutional Claim

Plaintiff fails to proffer any facts to demonstrate specifically how Defendants violated the First, Fourth and Fifth Amendments.  This failure to adequately plead constitutional violations, much less explain how each Senator and Executive Defendant allegedly participated in these alleged violations, is fatal to this Complaint.

#### (1)   First Amendment

Plaintiff alleges violations of the First Amendment on the basis that the "ethnically jittery Singapore government" designated him an "Islamic 'extremist' threat" and also "detained" him, "beat [him] slightly," and "forcibly expulsed" him from Singapore. Compl. at 18.  These actions were allegedly committed at the "advice," of "undetermined and yet-to-be-known" U.S. officials.  *Id*. at 12-13.  This claim must fail since he proffers neither facts to demonstrate the existence of this unlawful design, nor how each individual Senator and Executive Defendant allegedly participated in this alleged violation.

#### (2)   Fourth Amendment

Plaintiff alleges a Fourth Amendment violation because he was allegedly subject to a "sudden seizure, arrest and detention by elite Anti-Terror officials of the Singaporean 'I.S.D.' divisions based on 'Suspicion' ONLY, back," and then allegedly subject to "digital ferreting, interception, and surveillance."  *Id*. at 19.  He concedes the insufficient factual support for this conspiracy allegation, admitting that this claim can only "be outlined in hairpin detail in further hearings when allowed by [the court] and Judiciary."  *Id*.

#### (3)   Fifth Amendment

The Fifth Amendment protects U.S. citizens from several different types of potential abuse by the federal government.  For example, the amendment protects citizens from discrimination, self-incrimination, wrongful stigmatization, and the deprivation of a liberty or property interest without due process.  It is completely unclear from Plaintiff's Complaint which element of the Fifth Amendment's protections was allegedly violated by Defendants.  Regardless, Plaintiff has not pled sufficient factual detail to state a claim for a violation of *any* of his Fifth Amendment rights.  Defendants should not be

Case No. C 13-3470 LB

required to respond to Plaintiff's Complaint unless and until Plaintiff re-pleads to specify his Fifth

Amendment claim(s), explaining exactly which Defendant did what to allegedly violate his rights.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Senator and Executive Defendants' Motion to Dismiss Plaintiff's

Complaint should be granted without leave to amend.


Respectfully submitted,

DATED: February 27, 2014                    MELINDA HAAG
                                            United States Attorney


                                            /S/_____
                                            JAMES A. SCHARF
                                            Assistant United States Attorney
                                            Attorneys for Executive and Senator Defendants