1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    ADAM JIBREEL,                              Case No.  13-cv-03470-JST

            Plaintiff,
8
                                                **ORDER DISMISSING CASE WITH**
9        v.                                     **PREJUDICE**

10   HOCK SENG CHIN, et al.,                     Re: ECF Nos. 50, 51

            Defendants.
11

12   **I.      INTRODUCTION**

13          On June 6, 2014, the Court issued an Order to Show Cause Why Plaintiff's Complaint

14   Should Not Be Dismissed With Prejudice Pursuant to Rule 41(b) of the Federal Rules of Civil

15   Procedure.  ECF No. 50.  On June 6, 2014, the Plaintiff filed a document entitled "Report," which

16   makes various demands but which fails to respond to the Order:  it gives no indication as to why

17   the Plaintiff failed to file an amended complaint by the June 4, 2014 deadline, and does not

18   indicate whether the Plaintiff will file an amended complaint sometime in the future.  Id. at 51.

19   **II.     LEGAL STANDARD**

20          In the Ninth Circuit, "when a plaintiff fails to amend a complaint after the district court

21   judge dismisses the complaint with leave to amend, the dismissal is typically considered a

22   dismissal for failing to comply with a court order rather than for failing to prosecute the claim."

23   Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir. 1999).  To determine whether to dismiss a

24   claim for failure to comply with a court order, "the Court must weigh the following factors: (1) the

25   public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

26   (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives;

27   and (5) the public policy favoring disposition of cases on their merits."  Pagtal unan v. Galaza, 291

28   F.3d 639, 642 (9th Cir. 2002).  Dismissal is appropriate "where at least four factors support

United States District Court
Northern District of California

United States District Court
Northern District of California

1  dismissal . . . or where at least three factors strongly support dismissal." <u>Hernandez v. City of El</u>

2  <u>Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (citation and internal quotations omitted).

3  **III.    ANALYSIS**

4       The Court concludes that four of the five factors discussed above strongly support the

5  dismissal of this action.

6       The first two factors—the public interest in expeditious resolution of litigation and the

7  Court's need to manage its docket—relate to "the efficient administration of judicial business for

8  the benefit of all litigants with cases pending." <u>Nealey v. Transportacion Maritima Mexicana</u>,

9  S.A., 662 F.2d 1275, 1279 (9th Cir. 1980).  By failing to comply with the Court's orders, Plaintiff

10  has completely stalled this action, thereby depriving the Court of the ability to control the pace of

11  its docket.  These factors weigh strongly in favor of dismissal.

12       Although the third factor—the risk of prejudice to defendant—may not appear to apply to

13  a case in which defendants have not appeared, the Ninth Circuit has held: "Whether prejudice is

14  sufficient to support an order of dismissal is in part judged with reference to the strength of the

15  plaintiff's excuse for the default." <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 131 (9th Cir. 1987).

16  Further, "a presumption of prejudice arises from the plaintiffs' failure to prosecute." <u>Hernandez</u>,

17  138 F.3d at 400.  A plaintiff may rebut this presumption only "with an excuse for his delay that is

18  anything but frivolous." <u>Nealey</u>, 662 F.2d at 1281.  Plaintiff has provided no excuse for his failure

19  to file an amended complaint.  Thus, this factor weighs strongly in favor of dismissal.

20       The fourth factor is the availability of less drastic sanctions.  The Court gave Plaintiff two

21  opportunities to comply with the Court's orders, an opportunity to explain his lack of diligence in

22  prosecuting the action, and a second opportunity to file an amended complaint.  The Court has

23  fulfilled its "obligation to warn the plaintiff that dismissal is imminent." <u>Oliva v. Sullivan</u>, 958

24  F.2d 272, 274 (9th Cir. 1992).  Rather than dismiss the complaint with prejudice after the Plaintiff

25  failed to comply with the Court's first order, the Court attempted the lesser sanction of issuing an

26  Order to Show Cause and providing another opportunity to comply.  Cf. <u>Yourish</u>, 191 F.3d at 992.

27  These opportunities and warnings are sufficient to establish that the Court has considered

28  sanctions short of dismissal. <u>PPA Prods. Liab. Litig.</u>, 460 F.3d at 1229 ("warning that failure to

1 obey a court order will result in dismissal can itself meet the 'consideration of alternatives'

2 requirement.") (citation omitted); see also Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674

3 (9th Cir. 1981) ("Though there are a wide variety of sanctions short of dismissal available, the

4 district court need not exhaust them all before finally dismissing a case").

5      The fifth factor concerns the public policy favoring disposition of cases on their merits,

6 which normally "strongly counsels against dismissal." In re Phenyl propanolami ne (PPA) Prods.

7 Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). Nonetheless, the Ninth Circuit has recognized

8 that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . .

9 . cannot move forward toward resolution on the merits." Id. at 1228. Consequently, "this factor

10 lends little support to a party whose responsibility it is to move a case toward disposition on the

11 merits but whose conduct impedes progress in that direction." Id. (citations and internal

12 quotations omitted). Plaintiff's failure to comply with the Court's orders has impeded all progress

13 in this case. Thus, this factor is neutral at best.

14      Because granting further leave to amend would be futile, and because of the undue delay in

15 this case, dismissal is with prejudice. See Yourish, 191 F.3d at 998 (affirming dismissal with

16 prejudice for failure to timely amend complaint). Bearing in mind its obligation of sensitivity to

17 pro se litigants, the Court has more than adequately "provide[d] the litigant with notice of the

18 deficiencies" in his prosecution of this action, and provided several opportunities for compliance.

19 Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

20 **CONCLUSION**

21      Plaintiff's complaint is hereby DISMISSED WITH PREJUDICE. The Clerk shall close

22 the file.

23      **IT IS SO ORDERED.**

24 Dated: June 13, 2014

25                             _____

26                                 JON S. TIGAR

                               United States District Judge

27

28

United States District Court
Northern District of California