UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JIBREEL,<br><br>    Plaintiff,<br><br>    v.<br><br>HOCK SENG CHIN, et al.,<br><br>    Defendants. | Case No. 13-cv-03470-JST<br><br>**ORDER DISMISSING CASE WITH PREJUDICE**<br><br>Re: ECF Nos. 50, 51 |

## I.  INTRODUCTION

On June 6, 2014, the Court issued an Order to Show Cause Why Plaintiff's Complaint Should Not Be Dismissed With Prejudice Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 50. On June 6, 2014, the Plaintiff filed a document entitled "Report," which makes various demands but which fails to respond to the Order: it gives no indication as to why the Plaintiff failed to file an amended complaint by the June 4, 2014 deadline, and does not indicate whether the Plaintiff will file an amended complaint sometime in the future. Id. at 51.

## II.  LEGAL STANDARD

In the Ninth Circuit, "when a plaintiff fails to amend a complaint after the district court judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir. 1999). To determine whether to dismiss a claim for failure to comply with a court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate "where at least four factors support

dismissal . . . or where at least three factors strongly support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation and internal quotations omitted).

### III.  ANALYSIS

The Court concludes that four of the five factors discussed above strongly support the dismissal of this action.

The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to "the efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to comply with the Court's orders, Plaintiff has completely stalled this action, thereby depriving the Court of the ability to control the pace of its docket. These factors weigh strongly in favor of dismissal.

As to the third factor—the risk of prejudice to defendant—"a presumption of prejudice arises from the plaintiffs' failure to prosecute." Hernandez, 138 F.3d at 400. A plaintiff may rebut this presumption only "with an excuse for his delay that is anything but frivolous." Nealey, 662 F.2d at 1281. Plaintiff has provided no excuse for his failure to file an amended complaint. Thus, this factor weighs strongly in favor of dismissal.

The fourth factor is the availability of less drastic sanctions. The Court gave Plaintiff two opportunities to comply with the Court's orders, an opportunity to explain his lack of diligence in prosecuting the action, and a second opportunity to file an amended complaint. The Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). Rather than dismiss the complaint with prejudice after the Plaintiff failed to comply with the Court's first order, the Court attempted the lesser sanction of issuing an Order to Show Cause and providing another opportunity to comply. Cf. Yourish, 191 F.3d at 992. These opportunities and warnings are sufficient to establish that the Court has considered sanctions short of dismissal. PPA Prods. Liab. Litig., 460 F.3d at 1229 ("warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citation omitted); see also Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) ("Though there are a wide variety of sanctions short of dismissal available, the

1 district court need not exhaust them all before finally dismissing a case").

2 The fifth factor concerns the public policy favoring disposition of cases on their merits,
3 which normally "strongly counsels against dismissal." In re Phenyl propanolami ne (PPA) Prods.
4 Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). Nonetheless, the Ninth Circuit has recognized
5 that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . .
6 . cannot move forward toward resolution on the merits." Id. at 1228. Consequently, "this factor
7 lends little support to a party whose responsibility it is to move a case toward disposition on the
8 merits but whose conduct impedes progress in that direction." Id. (citations and internal
9 quotations omitted). Plaintiff's failure to comply with the Court's orders has impeded all progress
10 in this case. Thus, this factor is neutral at best.

11 Because granting further leave to amend would be futile, and because of the undue delay in
12 this case, dismissal is with prejudice. See Yourish, 191 F.3d at 998 (affirming dismissal with
13 prejudice for failure to timely amend complaint). Bearing in mind its obligation of sensitivity to
14 *pro se* litigants, the Court has more than adequately "provide[d] the litigant with notice of the
15 deficiencies" in his prosecution of this action, and provided several opportunities for compliance.
16 Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

## CONCLUSION

Plaintiff's complaint is hereby DISMISSED WITH PREJUDICE. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 13, 2014

_____
JON S. TIGAR
United States District Judge